IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| H.G. LITIGATION GROUP, LLC, *et al.*,               Plaintiffs,         v.        TD BANK, N.A., *et al.*,               Defendants. | Civil No. 5:22-cv-00305-JMG |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                   **April 12, 2022**

### I.   OVERVIEW

One of Plaintiffs' employees embezzled a substantial sum from Plaintiffs by depositing fraudulently drawn checks into her personal bank account. The employee kept her account at Defendants' bank. Plaintiffs have sued Defendants seeking to recover their money on the theory that Defendants acted negligently by accepting the fraudulent checks.

Defendants have moved to dismiss the Complaint for failing to state a claim upon which relief can be granted. For the reasons that follow, the Court grants Defendants' motion.

### II.   FACTUAL BACKGROUND

From 2018 to 2020, Plaintiffs employed a person named Molly Moore. *Id.* ¶¶ 9, 16. During her employment, Ms. Moore embezzled money from Plaintiffs.

Ms. Moore accomplished her embezzlement by making entries into Plaintiffs' accounting system stating that certain payments were being made to Plaintiffs' vendors. *Id.* ¶ 15. Ms. Moore would then issue physical checks that were payable to "Bounds Contracting/M.L. Bounds." *Id.* As it turns out, Bounds Contracting was the name of Ms. Moore's husband's unlicensed contracting business. *Id.* ¶ 14. Ms. Moore and her husband would take these checks, endorse

them, and remotely deposit them in Ms. Moore's personal bank account at Defendants' bank. *Id.* ¶ 16. Through this scheme, Ms. Moore allegedly embezzled $130,725.39 from Plaintiffs between February 15, 2018, and March 19, 2020. *Id.* ¶ 16

Plaintiffs have brought this suit against Defendants claiming that Defendants acted negligently in allowing Ms. Moore to deposit these checks and should, therefore, be liable for the losses Plaintiffs have suffered. *See* ECF No. 1-1. Specifically, Plaintiffs allege two claims against Defendants—the first under the Pennsylvania Commercial Code's "fictitious payee" provision, 13 Pa. C.S. § 3404, and the second under the common law of negligence. *Id.* Defendants have moved to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiffs have failed to state a claim upon which relief can be granted. *See* ECF No. 6.

### III. LEGAL STANDARD

A motion to dismiss for failure to state a claim challenges a pleading's factual sufficiency. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). To survive a motion to dismiss, "a pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when the pleading alleges enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim's necessary elements. *Walker v. Coffey*, 956 F.3d 163, 166 (3d Cir. 2020). In determining a claim's plausibility, the Court must accept all factual allegations as true and construe the pleading in the light most favorable to plaintiff. *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

IV.     ANALYSIS

Defendants move to dismiss on four bases. First, Defendants move to dismiss Plaintiffs' claim under the Pennsylvania Commercial Code's fictitious payee provision on the basis that Plaintiffs have failed to plead facts that could plausibly breach the standard of care imposed by the provision. Second, Defendants move to dismiss Plaintiffs' claim under the common law of negligence on the basis that the Pennsylvania Commercial Code displaces such a claim. Third, Defendants move to dismiss certain portions of Plaintiffs' claims on the basis that those portions accrued prior to the statute of limitations. And fourth, Defendants ask this Court to dismiss two of the three Defendants from this case because Plaintiffs have not stated specific allegations against them.

The Court agrees with Defendants on the first two bases. Because these bases dispose of the entire Complaint, the Court addresses only them.

**A.     Plaintiffs have not plead facts suggesting Defendants' conduct departed from the standard of care required under the Pennsylvania Commercial Code's fictitious payee provision.**

To recover under the Pennsylvania Commercial Code's fictitious payee provision, a plaintiff must show that the defendant bank failed to exercise "ordinary care" when it accepted a check made payable to a fictitious payee. 13 Pa. C.S. § 3404(b), (d). Under the Pennsylvania Commercial Code, a bank acts with ordinary care so long as it observes the "reasonable commercial standards" that "prevail[]" among other banks "in the area." 13 Pa. C.S. § 3103. When a bank accepts a check by "automated means," the Code further specifies that the bank need not "examine the instrument" so long as "the failure to examine does not violate the bank's prescribed procedures and the bank's procedures do not vary unreasonably from general banking usage." *Id.*

Plaintiffs have plead that Ms. Moore made all of her deposits "remotely," Compl. ¶ 16, which means Defendants' failure to inspect the checks would breach the standard of care due under the Pennsylvania Commercial Code only if it transgressed Defendants' prescribed procedures or the prevailing industry custom and practice. 13 Pa. C.S. § 3103. But Plaintiffs have not plead any facts to support an inference that Defendants' *had* a procedure for reviewing remote deposits or that Defendants' procedures or lack thereof *were inconsistent* with industry custom and practice. The closest Plaintiffs come to alleging such a fact is in their allegation that Defendants failed to "hav[e] systems in place to confirm the authenticity of the remote deposit." Compl. ¶ 21. But even if the Court construes this allegation to mean that Defendants did not maintain a procedure for reviewing remote deposits, this allegation still does not suggest that Defendants' lack of procedure was inconsistent with industry custom and practice.

The existence of an internal procedure or an industry custom and practice that is inconsistent with the defendant bank's conduct is a necessary fact in a claim under the Pennsylvania Commercial Code because such a fact defines the standard of care the defendant bank owed. Because Plaintiffs have not plead such a fact, Plaintiffs have failed to state a claim under the fictitious payee provision. *Auto Sision, Inc. v. Wells Fargo*, 375 F. Supp. 3d 627, 631 (E.D. Pa. 2019) (granting motion to dismiss because "[p]laintiffs plead no facts showing any reasonable commercial standards that Wells Fargo violated, nor any policy that Wells Fargo contravened in taking the checks and examining them").

**B.     Plaintiffs' common law negligence cause of action is displaced by the Pennsylvania Commercial Code.**

The Pennsylvania Commercial Code displaces common law claims when two circumstances are satisfied: (1) the Code supplies a comprehensive remedy to the claim and (2) reliance on the common law rather than the Code would thwart the Code's purposes. *Env't*

4

*Equip. & Serv. Co. v. Wachovia Bank, N.A.*, 741 F. Supp. 2d 705, 712–13 (E.D. Pa. 2010); *New Jersey Bank, N.A. v. Bradford Sec. Operations, Inc.*, 690 F.2d 339, 346 (3d Cir. 1982).

At the outset, the Court notes that many courts in Pennsylvania and the Third Circuit have held that the Pennsylvania Commercial Code's banking provisions displace claims of common law negligence. *See Env't Equip. & Serv. Co.*, 741 F. Supp. 2d at 713–14 (concluding §§ 3405 and 3406 displace common law negligence claim); *Gress v. PNC Bank, Nat'l Assoc.*, 100 F. Supp. 2d 289, 292 (E.D. Pa. 2000) (concluding § 3420 displaces common law negligence claim); *Metro Waste, Inc. v. Wilson Check Cashing, Inc.*, 2003 WL 22250414, at *2 (Pa. Com. Pl. Sept. 23, 2003) (same). And at least two of these courts have held that the specific provision at issue in this case—13 Pa. C.S. §3404—displaces claims of common law negligence. *United States Steel Corp. v. Express Enters. of Pennsylvania, Inc.*, 2006 WL 771407, at *1 (Pa. Com. Pl. Mar. 22, 2006); *Sebastian v. D & S Exp., Inc.*, 61 F. Supp. 2d 386, 391 (D.N.J. 1999).

The Court finds the reasoning in these cases persuasive. The Pennsylvania Commercial Code expressly provides a remedy for plaintiffs who are harmed by a bank's negligence in transactions involving fraudulent checks. *See* 13 Pa. C.S. § 3404(d) ("[T]he person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss."). The Code's remedial scheme is comprehensive because the Code addresses each possible form of check fraud and tailors a different remedy to each situation. *See* 13 Pa C.S. § 3403 (addressing unauthorized signatures); § 3404 (addressing imposter and fictitious payees); § 3405 (addressing check fraud by an employee); § 3407 (addressing fraudulently altered checks). Allowing the common law to disturb this intricate and delicately crafted remedial scheme would thwart the Code's purpose of placing the risk of loss in

5

these transactions on the party best situated to prevent the loss. *Env't Equip. & Serv. Co.*, 741 F. Supp. 2d at 715–16.[1]

Accordingly, Plaintiffs' common law negligence claim is displaced by 13 Pa. C.S. § 3404. Plaintiffs cannot plausibly state a claim for relief under that cause of action.

## V. CONCLUSION

Plaintiffs have failed to state a claim upon which relief can be granted under the Pennsylvania Commercial Code because Plaintiffs have not alleged any facts suggesting Defendants' conduct fell short of Defendants' established procedures or of a prevailing industry custom and practice. And Plaintiffs have failed to state a claim upon which relief can be granted under the common law of negligence because the Pennsylvania Commercial Code displaces such a claim insofar as the claim is based on the facts Plaintiffs have alleged in their Complaint.

Accordingly, the Court grants Defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[1] Plaintiff has cited only one case in which a common law negligence claim was found not to be displaced by the Pennsylvania Commercial Code. *See Fragale v. Wells Fargo Bank, N.A.*, 480 F. Supp. 3d 653 (E.D. Pa. 2020). In *Fragale*, however, the court found that the circumstances at issue fell outside the Code's purview. *Id.* at 660 ("Plaintiff's claims are premised only on the opening of the Account . . . any claim premised on the opening of the Account falls outside the scope of Article 4A."). Accordingly, *Fragale* has no bearing on the issue presented by this motion to dismiss, which is whether the Pennsylvania Commercial Code displaces a common law claim when the claim's alleged factual basis *does* fall squarely within the Code's scope.