IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| H.G. SILVERMAN LITIGATION GROUP, P.C., *et al.*,  :<br>   Plaintiffs,  :<br>  :<br>  v.  :<br>  :<br>TD BANK, N.A., *et al.*,  :<br>   Defendants.  : | Civil No. 5:22-cv-00305-JMG |

MEMORANDUM OPINION

**GALLAGHER, J.**                                                                                           August 19, 2022

## I.   OVERVIEW

Plaintiffs' employee stole a substantial sum from Plaintiffs by depositing fraudulently drawn checks into her personal bank account. The employee deposited the fraudulent checks into her personal bank account at Defendants' bank. Plaintiffs have sued Defendants seeking to recover their money under the theory that Defendants were comparatively negligent under § 3404(b) of the Pennsylvania Commercial Code when they accepted the fraudulent checks.

Defendants move to dismiss the Plaintiffs' complaint for failing to state a claim upon which relief can be granted. Alternatively, Defendants seek to preclude recovery on certain checks that were drawn more than three years before this suit was filed. Two of the three Defendants also seek to be dismissed as improper defendants. For the reasons that follow, the Court grants Defendants' motion only in part.

## II.   BACKGROUND

Plaintiffs are two law firms and a corporation that processes payments on behalf of those firms. Second Am. Compl. ¶ 11 (ECF No. 16). In 2017, an individual named Molly Moore began working for the Plaintiffs.

1

Ms. Moore's responsibilities included depositing the law firms' revenues into the payment processor's account, using the law firms' funds to pay the firms' vendors, and making entries in the payment processor's accounting system to record checks issued to vendors. Second Am. Compl. ¶ 15.

Between February 15, 2018, and March 19, 2020, Ms. Moore used her position to steal money from Plaintiffs by issuing checks on behalf of the payment processor that were payable to "Bounds Contracting/M.L. Bounds." *Id*. ¶ 15. Ms. Moore then endorsed the checks and remotely deposited the checks into her personal TD Bank account. *Id.* ¶ 16. Ms. Moore had registered her personal account under only the name "Molly Moore." *Id.* ¶16.

Through this scheme, Moore created over 175 fraudulent checks totaling $130,725.39, all of which she remotely deposited into her TD account. *Id.* ¶17.

Plaintiffs claim Defendants were comparatively negligent in accepting the fraudulent checks from Ms. Moore and brought suit seeking compensation from Defendants. The Court dismissed Plaintiff's original complaint for failure to state a claim. *See* ECF No. 11. Plaintiffs subsequently filed an amended and then a second amended complaint. *See* ECF Nos. 12, 16. Defendants again move to dismiss Plaintiffs' complaint for failure to state a claim. Defendant's motion is presently before the court.

### III.  LEGAL STANDARD

A complaint may be dismissed for failing to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than

a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). To that end, a complaint cannot rely on mere "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545.

At the motion to dismiss stage, we "accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018).

## IV. DISCUSSION

Defendants move to dismiss on three bases. First, TD Bank US Holding Company and TD Group US Holdings LLC argue that they are improper defendants. Second, Defendants argue Plaintiffs have failed to state a claim under § 3404 of the Pennsylvania Commercial Code. Third, Defendants argue some checks in question are time barred by the statute of limitations. The Court will address each basis for dismissal in turn.

### A. Improper Defendants

Defendants argue that Plaintiffs' complaint should be dismissed with respect to TD Bank US Holding Company and TD Group US Holdings LLC because Plaintiffs do not allege any facts that could connect these two defendants to the events giving rise to Plaintiffs' cause of action. Indeed, Plaintiffs' second amended complaint makes no mention of these two defendants beyond identifying them as parties.

Plaintiffs respond that these defendants were added to ensure the correct entity was sued. But, unlike Pennsylvania's procedural rules, the Federal Rules of Civil Procedure take a liberal approach to the relating back of pleading amendments. *See Robinson v. Se. Pennsylvania*

*Transportation Auth.*, 572 F. Supp. 3d 136, 144 (E.D. Pa. 2021) (comparing the jurisdictions' rules regarding relating back pleading amendments). Now that Defendants have removed this case to federal court, Plaintiffs will be able to substitute in TD Bank US Holding Company or TD Group US Holdings LLC if discovery reveals evidence that would make such a substitution necessary without any statute of limitations consequences. *See* FED. R. CIV. P. 15(c)(1)(C). Because Plaintiffs have not stated any allegations—much less a claim—against TD Bank US Holding Company or TD Group US Holdings LLC, and because Plaintiffs will have an opportunity to substitute in these defendants at a later time if necessary, the Court will dismiss these parties without prejudice. All references to "Defendant" from this point forward in the Court's opinion refer specifically to Defendant TD Bank, N.A.

### B. Plaintiffs' Claim Under 13 Pa. C.S. § 3404

Plaintiffs' claim relies on the fictitious payee provision of Article 3 of Pennsylvania's Commercial Code. In the context of check fraud, Article 3 contains a number of provisions that distribute the risk of loss from fraud among the parties to a check. *See, e.g.*, 13 Pa. C.S. §§ 3403, 3404, 3405, 3407. These provisions tend to allocate the risk of loss to the party who would have been in the best position to prevent the loss. *Env't Equip. & Serv. Co. v. Wachovia Bank, N.A.*, 741 F. Supp. 2d 705, 715 (E.D. Pa. 2010); *see also* 4 Hawkland UCC Series § 3-404:1. The fictitious payee provision, codified at 13 Pa. C.S. § 3404(b)–(d), is one such provision.

The fictitious payee provision initially places the risk of loss from check fraud on the check's issuer. 13 Pa. C.S. § 3404(b). But if a drawee bank fails to exercise "ordinary care" when it accepts a check, and the failure "substantially contributes" to a person's loss, then the person may hold the drawee bank liable "to the extent the [bank's] failure to exercise ordinary care contributed to the loss." 13 Pa. C.S. § 3404(d).

A bank acts with "ordinary care" when it observes the "reasonable commercial standards" prevailing in the bank's industry and locality. 13 Pa. C.S. § 3103. When a bank accepts an instrument through automated means, such as remote capture deposit, reasonable standards "do not require the bank to examine [the] instrument" so long as the failure to examine does not "violate the bank's procedures" and the procedures are reasonably consistent with "general banking usage." *Id.*

Here, Plaintiffs have plead facts that make it plausible Defendant had a duty to examine remotely deposited checks to ensure they were payable to Ms. Moore.

First, Plaintiffs allege that another bank, Capital One, refuses to accept remote deposits of checks that are made payable to anyone other than the account holder. Second Am. Compl. ¶ 34. If this allegation is true, then it is plausible that Capital One takes measures to prevent customers from depositing checks made payable to others, which in turn makes it plausible that such a practice reflects general banking usage.

Second, Plaintiffs allege that the mobile deposit addendum to Defendant's online banking service agreement prohibited Ms. Moore from depositing checks payable to anyone but herself. *Id.* ¶ 22. Plaintiffs also allege that the agreement required Ms. Moore to make certain restrictive notations alongside her endorsement signature when depositing checks remotely. *Id.* ¶ 24. These allegations make it plausible that Defendant had a procedure of inspecting remotely deposited checks to ensure customers complied with the agreement. Other courts have accepted customer agreements as evidence of the appropriate standard of care in check fraud cases under other states' versions of the Uniform Commercial Code. *See Taubman v. USAA Federal Sav. Bank*, 408 F.Supp.3d 1053 (N.D.Ca. 2019).

If other banks maintain a custom of inspecting remotely deposited checks or if Defendant itself had a procedure requiring such inspection, then such a custom or procedure would determine the standard of care applicable in this case under the fictitious payee provision. *See* 13 Pa. C.S. § 3103 (defining the standard of care as flowing from "general banking usage" and a defendant bank's "procedures"). Accordingly, Plaintiffs have met their burden to plead facts that make it plausible Defendant owed a duty to inspect remotely deposited checks to ensure they were payable to the depositor.

Of course, none of these allegations definitively establishes that Defendant had a duty to inspect Ms. Moore's remotely deposited checks to ensure they were payable to her. It is possible that Capital One does not take measures to prevent customers from remotely depositing checks made payable to others despite its public refusal to accept such checks. And even if Capital One does take such measures, it is still possible that those measures do not accurately reflect general banking usage. It is also possible that Defendant did not maintain a policy or procedure of inspecting remotely deposited checks despite the terms of their online banking services agreement—after all, the agreement provisions Plaintiffs cite in their complaint place obligations upon *customers* rather than upon the Defendant. But Plaintiffs' allegations raise a reasonable possibility that discovery will reveal a custom maintained among banks or a procedure maintained by Defendant of inspecting remotely deposited checks, and that is the extent of Plaintiffs' burden at the motion to dismiss stage. *Walker v. Coffey*, 956 F.3d 163, 166 (3d Cir. 2020) ("To survive a motion to dismiss, a plaintiff must allege enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a cause of action.") (internal quotation marks and brackets omitted).

Plaintiffs have also plead facts that make it plausible Defendant breached this duty. Plaintiffs allege Defendant allowed Ms. Moore to deposit checks payable to either "Bound Contracting" or "M.L. Bounds" into an account that was registered exclusively to "Molly Moore." Because neither "Bounds Contracting" nor "M.L. Bounds" is an exact match to "Molly Moore," it is plausible that Defendant either failed to maintain a procedure for inspecting remotely deposited checks to ensure they were payable to the depositor or failed to adhere to such a procedure with respect to Ms. Moore's deposits. Either failure would breach the standard of care Plaintiffs have plausibly alleged and could, therefore, support a finding that Defendant was comparatively negligent under 13 Pa. C.S. § 3404 in accepting Ms. Moore's deposits.

Defendant resists this conclusion by arguing that Ms. Morre *is* "M.L. Bounds" and, therefore, that the checks were properly payable to Ms. Moore and Defendant was legally entitled to accept them. Defendant constructs this argument by piecing together allegations from Plaintiffs' first complaint, which is no longer the operative complaint in this matter, with Ms. Moore's employment agreement, which Plaintiffs apparently produced to Defendant at some earlier stage in this litigation. From these sources, Defendant has drawn out that Molly's first initial is "M," her second initial is "L," and that she is married to an individual with the last name "Bounds." From these facts, Defendant asks the Court to draw the inference that "M.L. Bounds" is simply another way to state Ms. Moore's name.

If the Court could credit Defendant's presentation of facts and draw an inference in Defendant's favor, then Defendant would likely be entitled to dismissal as a matter of law. The fictitious payee provision's comparative negligence cause of action applies only when a fraudster writes a check as payable to an entity whom the fraudster does not intend to receive the monies payable. *See* 13 Pa. C.S. §§ 3404(d) (limiting the fictitious payee provision's comparative

7

negligence cause of action to circumstances in which "subsection . . . (b) applies"); *id.* at §3404(b) (encompassing only circumstances in which the either "person whose intent determines to whom an instrument is payable . . . does not intend the person identified as payee to have any interest in the instrument" or "the . . . payee . . . is a fictitious person"); *id.* at § 3110(a) (providing that the "person to whom an instrument is initially payable is determined by the intent of the person, whether or not authorized, signing as . . . the issuer of the instrument."). If Ms. Moore refers to herself as "M.L. Bounds," then Ms. Moore effectively wrote these checks to herself intending that she would in fact receive the monies payable on the checks. Under these circumstances, Plaintiffs would have no cause of action against Defendant under the fictitious payee provision.

But, at this stage, Defendant's argument must fail because the Court *cannot* credit Defendant's presentation of facts or draw an inference in Defendant's favor.

Defendant's argument relies heavily on facts drawn from the employment agreement between Plaintiffs and Molly Moore. The Court may consider this document because Plaintiffs explicitly rely upon it in their second amended complaint. Second Am. Compl. ¶ 13; *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (providing that, on a motion to dismiss, a court may consider material beyond the complaint when the material is "integral to" the complaint *or* "explicitly relied upon in" the complaint). But the Court cannot use this document to controvert the allegations contained in Plaintiffs' complaint. *Id.* Accordingly, the Court must, at this stage, privilege Plaintiffs' allegations that suggest Ms. Moore refers to herself only as "Molly Moore" over Defendant's evidence that Ms. Moore could refer to herself as "M.L. Bounds." *See* Second Am. Compl. §§ 10, 14, 16.

Further, Ms. Moore's employment agreement does not directly state or establish that she refers to herself as "M.L. Bounds." Instead, it contains material from which it could be *inferred* that Ms. Moore refers to herself as "M.L. Bounds." But alternative inferences are also possible. For example, it is also possible that Ms. Moore never took her husband's last name, which would be supported by Plaintiffs' allegations that Ms. Moore titled her bank account under only the name "Molly Moore." Second Am. Compl. §§ 10, 14, 16. Drawing inferences in Plaintiffs' favor, as the Court must, requires the Court to conclude that Ms. Moore refers to herself as "Molly Moore" rather than "M.L. Bounds" and that Ms. Moore did not intend a person named "M.L. Bounds" to receive the monies payable on the checks she wrote.

Because Plaintiffs have plead facts that make it plausible that Defendant breached its duty under the Pennsylvania Commercial Code, the Court concludes that Plaintiffs' allegations plausibly state a claim for relief under the fictitious payee provision.

### C. Defendant's Statute of Limitations Defense

Defendant asserts that checks deposited prior to March 3, 2018, are time barred by the statute of limitations. There are four checks, totaling $2,237.34, that were deposited prior to March 3, 2018.

Pennsylvania's Commercial Code requires plaintiffs to commence actions under the fictitious payee provision within three years of when the cause of action accrues. 13 Pa. C.S. § 3118(g)(3). But where a defendant is found to be guilty of fraudulent concealment or a duty to disclose exists, the statute of limitations may be tolled. *Menichini v. Grant*, 995 F.2d 1224, 1231 (3d Cir. 1993).

Relying on general principles of equity as they have been developed in Pennsylvania's lower courts, Plaintiffs argue that the fraudulent concealment exception to the statute of

9

limitations should be extended to apply to instances of "unintentional deception," such as when a defendant fails to "discharge a duty to disclose." *See Krapf v. St. Luke's Hosp.*, 2009 WL 6353605 (Pa. Com. Pl. July 09, 2009). But the Court need not determine whether the statute of limitations under the Pennsylvania Commercial Code may be tolled for unintentional deception because Plaintiffs have not alleged any facts that would support a finding that Defendant had or failed to discharge a duty to disclose—much less fraudulently concealed—Ms. Moore's deposits.

Because Plaintiffs have attached photographs of Ms. Moore's deposited checks to their second amended complaint, and because it is clear from those photographs that Plaintiffs cause of action with respect to four checks accrued prior to March 3, 2018, the Court must conclude that the four checks dated prior to March 3, 2018, are time barred by the statute of limitations.

V.   **CONCLUSION**

Plaintiffs have failed to state a claim against US Holding Company and TD Group US Holdings LLC. But Plaintiffs have stated a plausible claim for relief against TD Bank, N.A., under 13 Pa. C.S. § 3404. Pennsylvania Commercial Code's statute of limitations applies to this claim and bars recovery for the checks Ms. Moore drew and dated prior to March 3, 2018.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge